(No. 84-CC-2613-

GARY ASKEW, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed May 23, 1995.*

WISEMAN, SHAIKEWITZ, McGIVERN, WAHL, FLAVIN & HESI, P.C. (EARL W. HUBBS, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (TERENCE J. CORRIGAN, Assistant Attorney General, of counsel), for Respondent.

OPINION

Raucci, J.

Claimant seeks judgment in the sum of $100,000 as a result of physical injuries sustained by him while a resident of the Illinois Department of Corrections. He contends that the department negligently failed to protect him, and that as a proximate result thereof, he was injured.

He testified that he had been housed at the Menard penitentiary for a couple of months before he was injured. On October 18, 1983, he was going to breakfast and stepped out of his cell. Other prisoners were coming down the gallery because the doors were open. He took a couple of steps from his cell and was struck and stabbed. He was escorted to the hospital. He was stabbed twice behind his left shoulder, under the eye, and on the forehead. He also contends that he was hit over the head with a bar and that his head was split. He crushed his finger in defending himself.

The gravamen of the claim is that the Claimant tried to alert prison officials to the fact that he feared for his life and that he was in danger because he was going to testify against certain other individuals who had "connections" in the prison. Claimant was offered placement in the protective custody unit which he refused.

No evidence in the record identifies the Claimant's attackers although one name is contained in a collection of inmate statements. No evidence was offered that

Claimant had identified that individual as someone he feared.

The State is not an insurer as to the safety of inmates. Foreseeability of the potential for harm is a necessary element which must be proved by a preponderance of the evidence. What is foreseeable necessarily must be judged by the facts in each case, and by taking judicial notice of the prison environment. *Petrusak v. State* (1987), 39 Ill. Ct. Cl. 113, 114.

Claimant argues that the Respondent had knowledge because he had told prison officials that he feared for his safety. His fears pertained to individuals who might in the future be potential enemies being housed at Menard. However, he declined protective custody which was offered.

His generalized fears, however, are not a basis for recovery. His claims to the contrary, he never identified specific individuals to prison officials. Claimant had sought to be transferred to a Federal institution or to another State. Such options were not available. Respondent could easily construe Claimant's declination of protective custody as an indication that Claimant did not seriously fear danger to his person.

Finally, there is no evidence that Claimant suffered injuries from known enemies or their agents.

The claim should be denied.

It is therefore ordered, adjudged and decreed that this claim be, and it is hereby, dismissed with prejudice.